John Q. KAMPS and Ruth R. Kamps, Petitioners,

v.

WISCONSIN DEPARTMENT OF REVENUE, Respondent.

Edward C. WILKINSON and Jean F. Wilkinson,
Petitioners-Appellants,

v.

WISCONSIN DEPARTMENT OF REVENUE, Respondent-
Respondent.

Court of Appeals

*No. 02–2355. Submitted on briefs February 7, 2003.—Decided
April 24, 2003.*

2003 WI App 106

(Also reported in 663 N.W.2d 306.)

798

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *Geri A. Wilkinson*, Glendale.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Mary E. Burke*, asst. attorney general, and *James E. Doyle*, attorney general.

Before Vergeront, P.J., Roggensack and Lundsten, JJ.

¶ 1. VERGERONT, P.J.   The primary issue on this appeal is whether certain of Edward Wilkinson's retirement payments are exempt from taxation under WIS. STAT. § 71.05(1)(a) (2001–02).[1] The Tax Appeals Commission decided they were not. Wilkinson[2] appeals the trial court's decision affirming the commission's ruling and order, contending that:   (1) the commission erred

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

[2] Jean Wilkinson is also an appellant, but for simplicity's sake we refer only to Edward, the retired employee. Wilkinson's petition for judicial review of the commission's decision was consolidated in the circuit court with that of John and Ruth Kamps, but they have not appealed the circuit court's decision.

in its construction of the statute, (2) the Department of Revenue (DOR) is equitably estopped from taxing the benefits, (3) taxation of these benefits denies his right to equal protection, and (4) the commission's decision is contrary to DOR's policy and practice.

¶ 2. We affirm the circuit court. We conclude that the commission's construction of WIS. STAT. § 71.05(1)(a) is entitled to great weight deference and, because the construction is not contrary to the clear language of the statute, the circuit court correctly upheld it. We also conclude that DOR is not equitably estopped from taxing the retirement payments and doing so does not violate Wilkinson's right to equal protection. Accordingly, the circuit court correctly affirmed the commission's decision on these points as well. Finally, Wilkinson is not entitled to reversal of the commission's decision on the ground that it is contrary to DOR's prior policy and practice.

## BACKGROUND[3]

¶ 3. Wilkinson was a teacher in the Milwaukee public schools from 1955 to 1967, becoming a member of the Milwaukee School Teachers' Annuity and Retirement Fund (the Milwaukee Fund) in September 1959. In 1967, Wilkinson took a position with the University of Wisconsin-Milwaukee and the University of Wisconsin Extension. In April of that year, he applied for a refund of his contributions to the Milwaukee Fund, and in June he received a complete refund. The application, which he signed, stated: "As a member of the FUND, I further agree that payments of said accumulation(s) made shall constitute a full and complete discharge and

---

[3] The relevant facts are not disputed and are taken from the commission's ruling and order.

release of all right, interest or claim on my part to state deposit accumulations which accrued while a member of said FUND." Wilkinson's Milwaukee Fund ledger shows that in 1967 all deposited accumulations had been withdrawn, leaving a zero balance.

¶ 4.  As a result of his new employment, Wilkinson became a member of the Wisconsin State Teachers Retirement System (the State System) on or about August 18, 1967. His State System ledger shows that when he began this service, he started out with a zero balance, there being no deposits from either him or the state attributable to his teaching service with the Milwaukee public schools.

¶ 5.  In 1974, Wilkinson returned to employment with the Milwaukee public schools until his retirement in 1990. In 1990, he applied to the Wisconsin Retirement System to purchase under WIS. STAT. § 40.25(6) previously forfeited years of service under the Milwaukee Fund. Originally he purchased ten years of forfeited service, leaving 5.07 years of forfeited service uncredited. However, based on the results of litigation by other retirees, he was subsequently granted 7.7 years of his Milwaukee Fund forfeited service at no charge, and his years of forfeited service purchased were accordingly adjusted to 7.37 years, with payment for 2.63 years refunded. For the years at issue in this case, Wilkinson's retirement benefits were based on his non-forfeited years of service, two years of military service, and 7.37 years previously forfeited.

¶ 6.  When he retired, Wilkinson received a copy of DOR Publication 108 entitled "How Your Retirement Benefits Are Taxed" dated June 1989, which provided in part:

Some payments received from the Wisconsin Retirement System are exempt for Wisconsin tax purposes (they are not exempt for federal tax purposes):

> Payments received from the Wisconsin Retirement System if the payments were paid on the account of a person who was a member of the State Teacher's Retirement System or the Milwaukee Teacher's Retirement System as of December 31, 1963, or was retired from one of those retirement systems as of that date . . . .

Wilkinson relied upon this publication in preparing his Wisconsin income tax returns for 1991, 1992, and 1993. He did not report on those returns the payments he received from the Wisconsin Retirement System for those years, which were: 1991—$20,330; 1992—$21,343; 1993—$22,481.

¶ 7. In 1995, DOR issued an income tax assessment against Wilkinson for the years 1991–93 in the amount of $4,834, plus $1,306.41 in interest, asserting, among other grounds, that the Wisconsin Retirement System payments he received in those years were subject to Wisconsin's income tax. Wilkinson petitioned for a redetermination, challenging only that portion of the assessment relating to the Wisconsin Retirement System payments. He contended the payments were exempt from taxation under WIS. STAT. § 71.05(1)(a), which provides:

> Income computation. (1) EXEMPT AND EXCLUDABLE INCOME. There shall be exempt from taxation under this subchapter the following:
>
> (a) *Retirement systems.* All payments received from . . . the public employee trust fund as successor to the Milwaukee public school teachers' annuity and retirement fund and to the Wisconsin state teachers

retirement system, which are paid on the account of any person who was a member of the paying or predecessor system or fund as of December 31, 1963 . . . .

DOR denied the petition for redetermination, stating that Wilkinson's withdrawal of his contributions from the Milwaukee Fund had terminated his membership and the purchase of previously forfeited years of service did not reinstate his account as of December 31, 1963.

¶ 8. Wilkinson petitioned for review by the commission and the commission affirmed DOR's decision. The commission concluded that prior commission decisions governed, and under those, because Wilkinson withdrew all his contributions and left nothing in his account, the payments he received in 1991–93 were not "paid on the account of" a person who was a member on December 31, 1963, within the meaning of WIS. STAT. § 71.05(1)(a). The commission rejected Wilkinson's argument that DOR was equitably estopped from assessing the tax because of Publication 108. It also rejected his argument that his right to equal protection was violated because DOR had allowed former members of the State System, who had withdrawn their deposit accumulations prior to December 31, 1963, to be considered members of the State System as of December 31, 1963.

¶ 9. Wilkinson petitioned for judicial review in the circuit court. The circuit court concluded that the commission's construction of WIS. STAT. § 71.05(1)(a) was entitled to great weight deference and, applying that standard of review, it affirmed the commission's construction. The court agreed with the commission that neither equitable estoppel nor the equal protection clause precluded taxation of the retirement payments.

## DISCUSSION

¶ 10. We first address Wilkinson's contention that the commission erroneously interpreted WIS. STAT. § 71.05(1)(a).[4] According to Wilkinson, under the plain language of that statute, if one is a member of the Milwaukee Fund on December 31, 1963, then retirement benefits paid on that person's behalf are exempt, and it is irrelevant whether the person subsequently withdrew his contributions after that date.

¶ 11. Construction of a statute and its application to a given set of facts present a question of law, which we review de novo. *Harnischfeger Corp. v. LIRC*, 196 Wis. 2d. 650, 659, 539 N.W.2d 98 (1995). If the language of a statute is plain, we apply that language to the facts at hand. *UFE Inc. v. LIRC*, 201 Wis. 2d 274, 281, 548 N.W.2d 57 (1996). However, if a statute is ambiguous, although we are not bound by an agency's construction, we may in certain situations defer to an agency's construction of a statute. *Id.* at 281–84. We give great weight deference when:

> (1) the agency was charged by the legislature with the duty of administering the statute; (2) . . . the interpretation of the agency is one of long-standing; (3) . . . the agency employed its expertise or specialized knowledge in forming the interpretation; and (4) . . . the agency's interpretation will provide uniformity and consistency in the application of the statute.

*Id.* at 284. We give a lesser amount of deference—due weight—when the agency has some experience in the

---

[4] We review the decision of the commission, not that of the circuit court. *Hafner v. DOR*, 2000 WI App 216, ¶ 3, 239 Wis. 2d 218, 619 N.W.2d 300.

area but has not developed the expertise that necessarily places it in a better position than the court to make judgments regarding the interpretation of the statute. *Id.* at 286.

¶ 12.  Under the great weight standard, we uphold an agency's reasonable interpretation of the statute if it is not contrary to the clear meaning of the statute, even if we conclude another interpretation is more reasonable. *Id.* at 287. Under the due weight standard, we uphold the agency's reasonable interpretation if it comports with the purpose of the statute and we conclude there is not a more reasonable interpretation. *Id.* We give no deference to the agency, and review the issue de novo, when the issue before the agency is one of first impression or the agency's position has been so inconsistent as to provide no real guidance. *Id.* at 285.

¶ 13.  We do not agree with Wilkinson's contention that the language of WIS. STAT. § 71.05(1)(a) plainly exempts the retirement payments he received. Statutory language is ambiguous and not plain if it is capable of being understood by a reasonably well-informed person in two or more senses. *Reyes v. Greatway Ins. Co.*, 227 Wis. 2d 357, 365, 597 N.W.2d 687 (1999). Depending on the facts of a case, the same statute may be ambiguous in one setting and unambiguous in another. *Id.* Wilkinson construes "on the account of" to mean "on behalf of," and then reads "any person who was a member . . . as of December 31, 1963" to require membership on that date, regardless of what happened later. That is a reasonable construction. However, "account" in this context could also be reasonably understood as the amount of funds accumulated for the member. Thus, "payments . . . paid on the account of

any person who was a member . . . as of December 31, 1963" could be reasonably understood to mean payments based on funds in the person's account on that date. Under Wilkinson's construction, the only relevant fact is membership on the statutory date. Under the latter construction, the relationship between the retirement payments and the account on that date is also significant. When, as in this case, none of the retirement payments are based on what was in the account as of that date, a reasonably informed person could understand that those payments are not exempt.

¶ 14. Because we conclude the statute is ambiguous, we must decide the level of deference to give to the commission's construction. There is no dispute that the commission is charged by the legislature with being the final authority for all questions of law involving taxes, WIS. STAT. § 73.01(4), and that in construing WIS. STAT. § 71.05(1)(a) the commission has employed the expertise gained from discharging that duty over the years. However, the parties do dispute whether the commission's construction of § 71.05(1)(a) in prior cases has been consistent. DOR points out that the commission has issued at least four decisions that construe § 71.05(1)(a) as not exempting payments where the employee, although a member of the relevant system on December 31, 1963, subsequently withdrew all the contributions in his or her account. *Groschel v. Wisconsin Dep't of Revenue*, Wis. Tax Reporter [CCH] ¶ 400–235 (July 19, 1996); *Hafner and DeRango v. Wisconsin Dep't of Revenue*, Wis. Tax Reporter [CCH] ¶ 400–395 (Nov. 23, 1998) (insofar as this case concerns DeRango); *Thomas v. Wisconsin Dep't of Revenue*, Wis. Tax Reporter [CCH] ¶ 400–564 (Aug. 9, 2001); and *Hansis v. Wisconsin Dep't of Revenue*, Wis. Tax Reporter [CCH] ¶ 400–548 (June 25, 2001). Wilkinson

responds that another commission decision, *Connor v. Wisconsin Dep't of Revenue*, Wis. Tax Reporter [CCH] ¶ 400–176 (Nov. 14, 1995), as well the commission's decision concerning Hafner in *Hafner and DeRango* conflict with the cases on which the commission relies.

¶ 15. The commission decisions relied on by Wilkinson concerned employees who, unlike Wilkinson, withdrew the deposited accumulations prior to December 31, 1963. The commission concluded that the subsequent repurchase of the previously forfeited years of service did not make them a member on December 31, 1963, explaining that "membership under section 71.05(1)(a) means membership as a historical fact, not membership that is constructive or purchased at a later date." *Hafner and DeRango*, Wis. Tax Reporter [CCH] ¶ 400–395 at 31,450, citing *Connor*. We do not agree that this suggests that membership as a historical fact on December 31, 1963, entitles one to an exemption under Wis. Stat. § 71.05(1)(a). Rather, the lack of membership as a historical fact meant the commission could stop there in its analysis of the statutory language. However, when the employee is a member on that date as a matter of historical fact, as in the cases on which the commission relies, then it is necessary for the commission to consider the meaning of "payments . . . which are paid on the account of any person who was a member . . ." on that date. Section 71.05(1)(a).

¶ 16. For the same reason, we reject Wilkinson's argument that our decision in *Hafner v. DOR*, 2000 WI App 216, 239 Wis. 2d 218, 619 N.W.2d 300, is inconsistent with the commission's decisions. The commission's decision in *Hafner and DeRango* was affirmed by the circuit court, and both Eugene and Lorraine Hafner and DeRango appealed to this court. *Hafner v. DOR*, 239 Wis. 2d 218, ¶ 1. For reasons we cannot explain,

the summary of the facts in *Hafner v. DOR* described all appellants as "employees who had left federal service before the cutoff date, and were reemployed sometime thereafter." *Id.*, ¶ 2. We therefore did not address the issue the commission decided with respect to DeRango, only the issue it decided with respect to Hafner, and we upheld the commission's construction of "member" to require membership as a historical fact, not membership that is constructive or repurchased at a later date to be a reasonable one. *Id.*, ¶¶ 12–13. We did not in *Hafner v. DOR* address the construction of the statute as applied to a person in Wilkinson's situation.

■■

¶ 17.   We conclude that the commission's construction of WIS. STAT. § 71.05(1)(a) is well-established, consistent, and has provided uniformity in its application. We therefore agree with the circuit court that great weight deference is appropriate. Accordingly, we must uphold the commission's construction if it is not contrary to the clear meaning of the statute, even if we consider another construction more reasonable. *UFE Inc.*, 201 Wis. 2d at 283. As we have already concluded, the language of the statute is not plain, and the commission's construction is a reasonable one. Given the general rule that tax exemptions are narrowly construed, *Hafner v. DOR*, 239 Wis. 2d 218, ¶ 11, it is reasonable for the commission to adopt the narrower construction of the exemption and conclude that the legislature intended to exempt only those retirement payments that are based on balances in members' accounts on the statutory date.

¶ 18.   We do not agree with Wilkinson that the commission's construction is contrary to the supreme court's decision in *Schmidt v. Wisconsin Employe Trust Funds Board*, 153 Wis. 2d 35, 449 N.W.2d 268 (1990).

That case addressed the entitlement to years of creditable service when an employee returned to teach in the Wisconsin public school system after having withdrawn all his contributions to the fund, plus interest, and signed a waiver of all right to state deposit accumulations based on his teaching service after the date on which his employment began. *Id.* at 37–38. The court rejected the board's position that the waiver of a right to the state deposit accumulations expunged the years of teaching from his record and concluded that the years were still creditable service as defined in WIS. STAT. § 42.245(1)(a) (1965), although under § 42.245(1)(c) (1965) the effect of the withdrawal was that the accrued years of creditable service for which the required deposits were withdrawn were reduced by half.[5] *Id.* at 46–47.

¶ 19. Wilkinson asserts that *Schmidt* recognizes that a member's "account" is made up of both monetary contributions and years of service. Although he had no money in his account after his withdrawal, he continues, he still had credits based on years of service, and his annuity is being paid based on his creditable years of service, which include the years for which he withdrew the money. While it might be reasonable, based on *Schmidt*, to construe "on the account of" in WIS. STAT. § 71.05(1)(a) to include creditable years of service, *Schmidt* does not mandate that construction. Indeed,

---

[5] WISCONSIN STAT. § 42.245(1)(c) (1965) provided:

(c) Creditable service for Wisconsin teaching prior to September 11, 1965 shall be reduced by one-half of any period included therein with respect to which the required deposits of a member have been withdrawn, unless repayment of any such withdrawal has been made prior to July 1, 1996, pursuant to any applicable law. Nothing in this paragraph shall be construed to reinstate any rights waived in connection with the payment of a withdrawal or separation benefit.

because of the distinction the court in *Schmidt* makes between money accumulated in a member's retirement fund and creditable years of service, one could also reasonably argue that "account" in § 71.05(1)(a) refers to the former but not the latter.[6] *Schmidt* was concerned with the construction of the statutes regarding creditable years of service and the effect of the withdrawal of monetary contributions on the creditable years of service; *Schmidt* does not resolve the meaning of "on the account of" in § 71.05(1)(a).

¶ 20. We next address Wilkinson's contention that DOR is equitably estopped from taxing the Wisconsin Retirement System payments for the years 1991–93. He argues that because he relied on the DOR's Publication 108 in deciding that the payments were not taxable, it is inequitable for DOR to assess taxes and interest on those payments. Generally, to establish equitable estoppel, a party must demonstrate: (1) action or nonaction (2) by the party against whom estoppel is asserted (3) that induces reasonable reliance by the party asserting estoppel (4) to that party's detriment. *Sanfelippo v. DOR*, 170 Wis. 2d 381, 390, 490 N.W.2d 530 (Ct. App. 1992). However, when estoppel is asserted against the government, the party invoking it bears a heavy burden: the evidence must be so clear and distinct that the contrary result would amount to a fraud. *Cohn v. Town of Randall*, 2001 WI App. 176, ¶ 19, 247 Wis. 2d 118, 633 N.W.2d 674.

---

[6] We observe that Wis. Stat. § 71.05(1)(a) was enacted by Laws of 1963, ch. 267, § 4 (codified at Wis. Stat. § 71.03(2)(g) (1963)), before the legislature created the formula group and the concept of "creditable years of service" in Laws of 1965, ch. 250, § 5.

¶ 21. DOR argues that the commission's decision that equitable estoppel does not apply is entitled to great weight deference. Wilkinson does not address our standard of review on this issue. We do not decide the proper standard of review, because, even if we apply a de novo standard, we conclude Wilkinson has not established equitable estoppel. The premise of his argument is that DOR Publication 108 did not accurately instruct him. However, the pamphlet essentially tracks the wording of the statute, and contains the same ambiguity as does the statute. Even if it were reasonable for him to rely on his understanding of this ambiguous language without further inquiry, he has not shown that he suffered a detriment that resulted from DOR's failure to clearly explain that his Wisconsin Retirement System payments were not exempt. Had DOR provided that explanation, Wilkinson would presumably have paid the taxes earlier and would not have had the use of the money he paid in taxes. He is in no worse position by having to pay the taxes at a later time, along with interest on the amount of unpaid tax.

¶ 22. Wilkinson also contends his right to equal protection has been violated because DOR treated him differently than it did members of the State System who withdrew their member deposits prior to 1964. Wisconsin Tax Bulletin 76, issued by DOR in April 1992, and Wisconsin Tax Bulletin 98, issued in July 1996, advised members of the State System who withdrew their member deposits prior to 1964 that they could still qualify for the exemption under Wis. STAT. § 71.05(a)(1). On January 1, 2000, DOR issued Bulletin 118, which revoked this advice but allowed persons drawing State System pensions to rely on this advice for years beginning prior to January 1, 2000.

811

¶ 23. Both the Fourteenth Amendment of the United States Constitution and article I, section 1 of the Wisconsin Constitution guarantee equal protection of the laws and afford substantially the same protections. *Group Health Coop. of Eau Claire v. DOR*, 229 Wis. 2d 846, 855, 601 N.W.2d 1 (Ct. App. 1999). Equal protection guarantees that similarly-situated persons are treated similarly. *Telemark Dev., Inc. v. DOR*, 218 Wis. 2d 809, 826, 581 N.W.2d 585 (Ct. App. 1998). Where, as in this case, no fundamental right or suspect class is involved, the inquiry is whether there is a rational basis for the difference in treatment. The application of a constitutional standard to a given set of facts is a question of law, which we review de novo. *National Motorists' Ass'n v. OCI*, 2002 WI App 308, ¶ 29, 259 Wis. 2d 240, 655 N.W.2d 179.

¶ 24. We conclude DOR did have a rational basis for treating members of the State System who had withdrawn their member deposits prior to 1964 differently than Wilkinson for purposes of applying Wis. Stat. § 71.05(1)(a) for years beginning prior to January 1, 2000. The advice in both Bulletins 76 and 98 was entitled "Eligibility for the Wisconsin Income Tax Exemption for Members of the Wisconsin State Teachers Retirement System [State System]" and the advice in each was based on a specific set of facts. At the relevant time, Wilkinson was not a member of the State System but of the Milwaukee Fund, and he had not withdrawn his member deposit before 1964, as in the factual scenario in both bulletins. He contends that the reasoning of these bulletins applies to him, but that is not the proper inquiry. The proper inquiry is whether it is reasonable for DOR to treat him differently from those

persons who were specifically advised by the bulletins that their retirement payments were exempt. It is reasonable to do so because persons whose specific situations were addressed in the bulletins would understandably assume their retirement payments were exempt, whereas others could be reasonably expected to inquire further, particularly in view of the cautionary language in the bulletins.[7]

¶ 25. Finally, Wilkinson contends that the commission's construction of WIS. STAT. § 71.05(1)(a) is inconsistent with DOR's prior policy and practice and must therefore be reversed. DOR disputes this. Since Wilkinson did not raise this before the commission as an issue distinct from equitable estoppel and equal protection, we are not in a position to determine as a factual matter what DOR's prior practice and policy was with respect to persons in Wilkinson's situation. It is not necessary that we do so, however, because the statute Wilkinson relies on does not support his position.

¶ 26. Wilkinson relies on WIS. STAT. § 227.57(8), which provides:

> (8) The court shall reverse or remand the case to the agency if it finds that the agency's exercise of discretion . . . is inconsistent with an agency rule, an officially stated agency policy or a prior agency practice,

---

[7] The section on "Tax Releases" in the bulletins contained questions and answers on various topics, which are preceded by this language:

> "Tax Releases" are designed to provide answers to the specific tax questions covered, based on the facts indicated. In situations where the facts vary from those given herein, the answers may not apply.

813

if deviation therefrom is not explained to the satisfaction of the court by the agency . . . .

However, the "agency" referred to is the agency whose decision is subject to judicial review under ch. 227, and that is the commission, not DOR. *See* WIS. STAT. § 73.015(2). Wilkinson does not develop an argument explaining why DOR's policies or practices preclude the commission from construing and applying WIS. STAT. § 71.05(1)(a) as it did in this case, when Wilkinson has not shown grounds for equitable estoppel against DOR and has not shown an equal protection violation. Accordingly, we conclude Wilkinson is not entitled to a reversal of the commission's decision on this ground.

*By the Court.*—Order affirmed.