Daniel J. Bender and Carol J. Bender,
Petitioners-Appellants,

v.

State of Wisconsin, Department of Revenue,
Respondent-Respondent.

Court of Appeals

*No. 04–0766. Submitted on briefs October 14, 2004.—Decided
January 20, 2005.*

2005 WI App 31

(Also reported in 693 N.W.2d 311.)

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *Nathaniel J. Krautkramer*, Wausau.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Mary E. Burke*, asst. attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Vergeront, Lundsten and Higginbotham, JJ.

¶ 1. VERGERONT, J.   This appeal concerns the construction and application of WIS. STAT. § 78.12(3)[1] and related sections that govern motor vehicle fuel taxes. The Department of Revenue assessed Daniel Bender and Carol Bender $64,930.11 for unpaid motor vehicle fuel taxes that were incurred by L.L. Bender Oil Corporation, and the Tax Appeals Commission affirmed DOR's decision. The Benders appeal the circuit court's order affirming the commission's decision. They contend the commission erred in construing § 78.12(3) to impose liability on Bender Oil because it was not a licensed supplier and Phillips 66 Company, the licensed supplier, had paid the tax.

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

¶ 2. We conclude the more reasonable construction of Wis. Stat. § 78.12(3) when read in conjunction with related sections is as follows: a purchaser of motor vehicle fuel from a licensed supplier is liable to DOR for the tax when the purchaser does not pay the tax to the supplier as required by Wis. Stat. § 78.01(1) but does collect the tax from the customers to whom the purchaser sells the fuel and when DOR gives a credit to the supplier for the tax it paid as authorized by § 78.01(2s). The commission correctly applied this construction of § 78.12(3) to Bender Oil. Accordingly, we affirm the circuit court's order.

## BACKGROUND

¶ 3. The relevant facts are not disputed.[2] In July 1998, the period for which the taxes were assessed, David Bender was president, treasurer, and majority stockholder of Bender Oil and Carol Bender was the vice-president. During that month, Bender Oil received at least fifteen shipments of motor vehicle fuel from Phillips 66 and sold the fuel to its customers. Bender Oil did not pay Phillips 66 for the fuel. On each sale to its customers, Bender Oil collected the fuel tax, but did not remit any taxes to DOR for sales made in July 1998.

¶ 4. Bender Oil deposited the payments from its customers into its business checking accounts, for which the Benders each had check-signing authority. In July 1998 and August 1998, substantial deposits far exceeding $20,000 were made into each of the three Bender Oil business checking accounts, and these funds were available to pay creditors and were used to pay creditors.

---

[2] Unless otherwise noted, these facts are taken from the statement of facts in the commission's decision.

¶ 5.   Phillips 66 paid the taxes for July 1998 to DOR.[3] After Phillips 66 provided DOR with substantiation that it was unable to recover the fuel tax from Bender Oil, DOR issued a Notice of Entitlement to Tax Credit to Phillips 66 for the tax Bender Oil failed to pay to Phillips 66. DOR also issued a personal liability assessment for the fuel tax against each of the Benders for $64,930.11 as officers, employees, fiduciaries, or agents who were responsible for paying the tax, interest, penalties, and other charges incurred but not paid by Bender Oil. The Benders both petitioned for redetermination by DOR and, when DOR denied their petitions, they sought review by the commission.

¶ 6.   Before the commission, the Benders did not dispute the amount of the tax but did dispute their liability for the tax. In their view of the statutes, only a licensed supplier was obligated to pay the tax. In support of their position they submitted their affidavits averring that Bender Oil was not a licensee or supplier.

¶ 7.   The commission rejected the Benders' argument. It relied on Wis. Stat. § 78.01(1),[4] under which

---

[3] The commission did not make an express finding to this effect, but it is implicit in the fact, recited by the commission, that DOR issued a Notice of Entitlement to Tax Credit to Phillips 66; in addition, DOR stated in answers to the Benders' interrogatories that it did receive the tax from Phillips 66.

[4] Wisconsin Stat. § 78.01(1) provides:

(1) Imposition of tax and by whom paid. An excise tax at the rate determined under ss. 78.015 and 78.017 is imposed on all motor vehicle fuel received by a supplier for sale in this state, for sale for export to this state or for export to this state except as otherwise provided in this chapter. The motor vehicle fuel tax is to be computed and paid as provided in this chapter. Except as otherwise provided in this chapter, a person who receives motor vehicle fuel under s. 78.07 shall collect from the purchaser of the motor vehicle fuel that is received, and the purchaser shall pay to the person who

the tax is imposed on each sale at the time of sale. The commission reasoned that Bender Oil owed the tax because it had not paid the tax to Phillips 66 but had collected the tax from the customers to whom it sold the fuel. The commission concluded that WIS. STAT. § 78.12(3) applied in this situation and made Bender Oil liable to DOR for the tax. Section 78.12(3) provides:

> **(3)** REPORTS OF OTHERS. Any person, including a terminal operator, who is not a licensee and who either uses any motor vehicle fuel in this state or who has possession of any motor vehicle fuel (other than that contained in the ordinary fuel tank attached to a motor vehicle) upon which the motor vehicle fuel tax has not been paid or the liability therefor has not been incurred by any licensee in this state shall file a report and pay the tax on that motor vehicle fuel and shall be subject to this subchapter in the same manner as is provided for licensees.

The commission also concluded that the undisputed facts established the requisite elements for the Benders' personal liability for the tax under WIS. STAT. § 78.70(6).[5]

---

receives the motor vehicle fuel under s. 78.07, the tax imposed by this section on each sale of motor vehicle fuel at the time of the sale, irrespective of whether the sale is for cash or on credit. In each subsequent sale or distribution of motor vehicle fuel on which the tax has been collected as provided in this subsection, the tax collected shall be added to the selling price so that the tax is paid ultimately by the user of the motor vehicle fuel.

[5] WISCONSIN STAT. § 78.70(6) provides:

    **(6)** PERSONAL LIABILITY. Any officer, employee, fiduciary or agent who is responsible for paying taxes, interest, penalties or other charges under this chapter incurred by another person, as defined in s. 77.51 (10), is personally liable for those taxes, interest, penalties or other charges. Sections 71.88 (1)(a) and (2)(a), 71.89

¶ 8. The circuit court affirmed the commission's decision, concluding that the commission's decision was entitled to due weight and that its construction of WIS. STAT. § 78.12(3) was, in any event, the only reasonable one.

## DISCUSSION

¶ 9. On appeal, the Benders press the argument rejected by the commission—that Bender Oil owed no tax to DOR because it was not a licensed supplier.[6] Their argument is as follows. WISCONSIN STAT. § 78.01(1) imposes a tax on all "motor vehicle fuel received by a supplier for sale in this state," and all licensed suppliers are required to pay this tax to DOR. WIS. STAT. § 78.12(5). Because Phillips 66, not Bender Oil, was the licensed supplier,[7] Phillips 66, not Bender Oil, owed the tax to DOR. Phillips 66 paid that tax. Section 78.12(3) applies only when "the . . . tax has not been paid or the liability therefor has not been incurred by any licensee in this state," and that subsection therefore does not apply in this case. The Benders acknowledge that

and 71.90, as they apply to appeals of income or franchise tax assessments, apply to appeals of assessments under this subsection.

[6] The Benders' challenge on this appeal is limited to the commission's decision that Bender Oil owed the tax; they do not assert that, if Bender Oil did owe the tax, they have no personal liability for the tax.

[7] The Benders do not cite to any factual submissions in the record that show Phillips 66 is licensed to receive motor vehicle fuel; their affidavits aver only that it is a supplier of motor vehicle fuel. However, DOR does not dispute that Phillips 66 is a licensed supplier, and this is implicit in the commission's decision. We therefore accept this assertion as fact for purposes of this decision.

Phillips 66 received a credit for the tax but, they assert, that does not make § 78.12(3) applicable because at the time Bender Oil possessed the fuel, the tax had been paid by Phillips 66. Then, by the time DOR gave Phillips 66 the credit, the Benders had received a discharge in a Chapter 7 bankruptcy.[8]

¶ 10. We review the decision of the commission, not that of the circuit court. *Kamps v. DOR*, 2003 WI App 106, ¶ 10 n.4, 264 Wis. 2d 794, 663 N.W.2d 306. Construction of a statute and its application to a given set of facts present a question of law, which we review de novo. *Id.*, ¶ 11. If the language of a statute is plain, we apply that language to the facts at hand. *Id.* However, if a statute is ambiguous, although we are not bound by the agency's construction, we may in certain situations defer to an agency's construction of a statute. *Id.*

¶ 11. We give great weight deference when: (1) the agency was charged by the legislature with the duty of administering the statute; (2) . . . the interpretation of the agency is one of long-standing; (3) . . . the agency employed its expertise or specialized knowledge in forming the interpretation; and (4) . . . the agency's interpretation will provide uniformity and consistency in the application of the statute. *Id.* We give a lesser amount of deference—due weight—when the agency has some experience in the area but has not developed the expertise that necessarily places it in a better position than the court to make judgments regarding the interpretation of the statute. *Id.*

---

[8] These facts were averred in the Benders' affidavits filed with the commission.

¶ 12. Under the great weight standard, we uphold an agency's reasonable interpretation of the statute if it is not contrary to the clear meaning of the statute, even if we conclude another interpretation is more reasonable. *Id.*, ¶ 12. Under the due weight standard, we uphold the agency's reasonable interpretation if it comports with the purpose of the statute and we conclude there is not a more reasonable interpretation. *Id.* We give no deference to the agency, and review the issue de novo, when the issue before the agency is one of first impression or the agency's position has been so inconsistent as to provide no real guidance. *Id.*

¶ 13. We reject the Benders' assertion that the commission's decision is entitled to no deference. The commission is charged by the legislature with being the final authority on all questions of law involving taxes. WIS. STAT. § 73.01(4). *See also Kamps*, 264 Wis. 2d 794, ¶ 14. In construing the statutes governing motor vehicle fuel taxes, the commission has employed the experience gained over the years from discharging that duty. *See Gerald K. Thomas v. DOR*, Docket No. 94–V-222, Wis. Tax Rptr. [CCH] ¶ 400–147 (Aug. 21, 1995); *Jeffrey P. Mach, Sr. v. DOR*, Docket No. 95–V-1295, Wis. Tax Rptr. [CCH] ¶ 400–317 (Sept. 17, 1997); *Browning-Ferris Industries of Wisconsin, Inc. v. DOR*, Docket No. 97–S-282, Wis. Tax Rptr. [CCH] ¶ 400–469 (Jan. 13, 2000). The commission's decision in this case is therefore entitled to at least due weight. We need not decide whether great weight deference is appropriate because we conclude that the commission's construction of WIS. STAT. § 78.12(3) and related statutes is more reasonable than the construction the Benders propose.

¶ 14. When we construe a statute, we begin with the language of the statute and give it its common, ordinary, and accepted meaning, except that technical or specially defined words are given their technical or special definitions. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language in the context in which it is used, not in isolation, but as part of a whole, in relation to the language of surrounding or closely related statutes, and reasonably to avoid absurd or unreasonable results. *Id.*, ¶ 46. We also consider the scope, context, and purpose of the statute insofar as they are ascertainable from the text and structure of the statute itself. *Id.*, ¶ 48.

¶ 15. The Benders are correct that the tax is imposed on all motor vehicle fuel received by a licensed supplier for sale in this state. Wis. Stat. § 78.01(1). However, it is also true that under § 78.01(1) the licensed supplier is required to collect this tax from the purchaser of the fuel, in this case, Bender Oil, and Bender Oil is required to pay that tax to the supplier. Bender Oil, in turn, is obligated to collect the tax from the customers to whom it sells the fuel, adding the tax to the sales price, "so that the tax is ultimately paid by the user of the motor vehicle fuel." Section 78.01. Thus, although Wis. Stat. § 78.12(5) obligates the licensed supplier to pay the tax to DOR, the clear intent of the statutory scheme is that the supplier will receive the amount paid to DOR from the entity that purchased the fuel from the supplier.

¶ 16. Wisconsin Stat. § 78.01(2s) addresses what happens when the licensed supplier is unable to collect the tax from the purchaser:

(2s) LIABILITY PRECLUDED. A licensed supplier who is unable to recover the tax from a purchaser is not liable for the tax and, with proper documentation, may credit the amount of tax against a later remittance of taxes. A wholesaler distributor who is unable to recover the tax from another wholesaler distributor or from a retail dealer is not liable for the tax and, by supplying proper documentation, may apply to the department for a refund.

Section 78.01(2s) plainly expresses the legislature's intent that the licensed supplier does not become liable for the tax when the purchaser does not pay the tax to the supplier as required by § 78.01(1). Because the licensed supplier under § 78.01(2s), with proper documentation, receives a credit for the tax it has paid but has been unable to collect, the tax, in effect, remains unpaid unless another provision allows DOR to collect the tax from the purchaser who failed to pay the tax to the licensed supplier as required by § 78.01(1). According to the commission, WIS. STAT. § 78.12(3) is the provision that fills this gap, because Bender Oil was in possession of the fuel and the tax remains unpaid.

¶ 17. The Benders' argument that WIS. STAT. § 78.12(3) does not apply depends, at bottom, on the verb tenses. According to the Benders, because "uses" and "possesses" are in the present tense, while "has not been paid" and "the liability therefore has not been incurred" are in the present perfect tense, the taxes must be unpaid or the liability not incurred at the time the fuel is used or possessed. While this is a reasonable way to read this subsection in isolation, we conclude it is not more reasonable than the commission's construction when the subsection is considered in conjunction with WIS. STAT. §§ 78.01(1) and (2s).

¶ 18.    Under Wɪs. Sтат. § 78.01(2s), a licensed sup-
plier that initially incurs liability, in the sense that it is
obligated to pay DOR under Wɪs. Sтат. § 78.12(5) at a
prescribed time, is nonetheless "not liable for the tax" if
a certain later event occurs—if it cannot recover the tax
from the purchaser who is obligated to pay it. The
legislature would not likely have intended that the
licensed supplier's liability is precluded by this later
event under § 78.01(2s), but that this later event is
irrelevant to the licensed supplier's liability for pur-
poses of § 78.12(3):   the legislature would not likely
have intended this because it means no one has to pay
the tax to DOR.

¶ 19.    Another weakness in the Benders' construc-
tion is that it ties the obligation to pay the tax under
Wɪs. Sтат. § 78.12(3) to the arbitrary and unpredictable
relationship between the due date for the tax payment
by the licensed supplier and the date of sale by pur-
chaser to its customers. That is, § 78.12(5) does not
require payment of the tax by the licensed supplier
until the fifteenth of the month following the sale by
the supplier to the purchaser. Thus, it may often
happen that the tax is not paid by the licensed supplier
before a purchaser such as Bender Oil has sold the fuel
to customers. Bender Oil provides no rational explana-
tion for why the timing of its sale of the fuel to its
customers should affect its liability for the tax it has
failed to pay to Phillips 66 as required by Wɪs. Sтат.
§ 78.01(1), and we can discern none.

¶ 20.    In arguing that its construction of Wɪs. Sтат.
§ 78.12(3) is the correct one, the Benders refer to
Bender Oil's particular circumstances, pointing out that
Bender Oil has already sold the fuel to its customers
and its assets have been used to pay its creditors in the
Chapter 7 bankruptcy it filed. However, we see nothing

in § 78.12(3), or any other statute the Benders have brought to our attention, that would make this a relevant factor in construing § 78.12(3).

¶ 21.   We conclude the more reasonable construction of Wis. Stat. § 78.12(3), when read in conjunction with Wis. Stat. §§ 78.01(1) and (2s), is as follows:   a purchaser of motor vehicle fuel from a licensed supplier is liable to DOR for the tax when the purchaser does not pay the tax to the supplier as required by § 78.01(1) but does collect the tax from the customers to whom the purchaser sells the fuel and when DOR gives a credit to the supplier for the tax it paid as authorized by § 78.01(2s). We simply cannot agree with Bender Oil that the legislature intended in this situation that Phillips 66 receive a credit and no one pay the tax.

¶ 22.   The Benders rely on the principle that an ambiguity in a tax statute is construed against the taxing government, citing *Marina Fontana v. Fontana-on-Geneva Lake*, 111 Wis. 2d 215, 225 n.8, 330 N.W.2d 211 (1983). We conclude that principle is not applicable here. Wisconsin Stat. § 78.01(1) unambiguously requires Bender Oil to pay the tax to Phillips 66 and to collect it from the customers. There is thus no room for argument that Bender Oil is not authorized to fail to pay the tax to Phillips 66 while keeping the tax it has collected from its customers. We agree with DOR that, in effect, the Benders are arguing that Bender Oil should be excused from its obligation to pay the tax. This is akin to an exemption from tax, for which courts generally require express language granting the exemption. *See Ramrod, Inc. v. DOR*, 64 Wis. 2d 499, 504, 219 N.W.2d 604 (1974). We are satisfied that the commission

was not required to construe WIS. STAT. § 78.12(3) in Bender Oil's favor, and that its construction, when read in conjunction with related sections, is the more reasonable.

*By the Court.*—Order affirmed.